# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY VAN FERRELL, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 17-CV-0038-CVE-JFJ |
| JOE M. ALLBAUGH, Director, Oklahoma Department of Corrections, | ) ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Before the Court is respondent's motion to dismiss petitioner's petition for writ of habeas corpus as time barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d) (Dkt. # 16). Petitioner, a state prisoner appearing pro se, filed a response (Dkt. # 18) to the motion to dismiss, and respondent filed a reply (Dkt. # 19). For the reasons discussed below, the Court finds the petition is untimely, and respondent's motion to dismiss shall be **granted**.

## BACKGROUND

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 17, 2016, in the Western District of Oklahoma (Dkt. # 1), which transferred the case to this Court on January 19, 2017 (Dkt. # 11). Petitioner challenges two convictions and sentences entered in Rogers County District Court: (1) Case No. CF-2013-362 for Embezzlement, After Former Conviction of Two or More Felonies, and (2) Case No. CF-2014-555 for Obtaining Money by False Pretenses, After Former Conviction of Two or More Felonies (Dkt. # 1 at 1).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitation period for habeas corpus petitions as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record reflects that on November 6, 2014, after accepting guilty pleas in both cases, the state district judge sentenced petitioner on both offenses (Dkts. # 17-1 at 9, # 17-2 at 6). Pursuant to Rule 4.2(A), <u>Rules of the Oklahoma Court of Criminal Appeals</u>, tit. 22, ch. 18, App., a defendant is required to file an application to withdraw a plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty. Because the 10-day period ended on Sunday, November 16, 2014, the last day petitioner could have moved to withdraw his plea and file an appeal was Monday, November 17, 2014. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run

on November 18, 2014, and it expired on November 18, 2015. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This habeas petition was filed on October 17, 2016. Unless petitioner is entitled to statutory or equitable tolling, the petition is untimely.

Petitioner has filed a response to respondent' motion to dismiss, claiming he "'legally' filed all procedures" and received responsive orders from the state courts, thereby tolling the time spent in the state courts (Dkt. # 18 at 1). As discussed below, however, the orders entered by the Rogers County District Court and the Oklahoma Court of Criminal Appeals ("OCCA") found petitioner's documents were not properly filed.

**Motion for sentence modification**

On November 13, 2014, petitioner filed in the state district court motions for sentence modification pursuant to Okla. Stat. tit. 22, § 982a in Case No. CF-2013-362 and Case No. CF-2014-555 (Dkts. # 17-1 at 10, # 17-2 at 6). He subsequently filed several supplements to the motions, including an attempted mandamus action in the OCCA (Dkts. # 17-1 at 10, # 17-2 at 7). On April 27, 2015, the motions were denied as improperly filed, because the state district court lacked authority to suspend any portion of petitioner's sentences pursuant to Okla. Stat. tit. 22, § 982a (Dkts. # 17-1 at 11, # 17-2 at 8, # 17-7).[1] See also Oklahoma State Court Records website at www.oscn.net.[2]

---

[1] The Order was filed on May 21, 2015.

[2] The Court takes judicial notice of the public records of the District Court of Rogers County. See Pace v. Addison, No. CIV-14-0750-HE n.1 (W.D. Okla. Nov. 5, 2014) (taking judicial notice of the public records of the Oklahoma County District Court).

Section 982a states in pertinent part:

A. 1. Any time within sixty (60) months after the initial sentence is imposed or within sixty (60) months after probation has been revoked, the court imposing sentence or revocation of probation may modify such sentence or revocation by directing that another sentence be imposed, if the court is satisfied that the best interests of the public will not be jeopardized; provided, however, the court shall not impose a deferred sentence. Any application for sentence modification that is filed and ruled upon beyond twelve (12) months of the initial sentence being imposed must be approved by the district attorney who shall provide written notice to any victims in the case which is being considered for modification. . . .

3. This section shall not apply to convicted felons who have been in confinement in any state or federal prison system for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed. Further, without the consent of the district attorney, this section shall not apply to sentences imposed pursuant to a plea agreement or jury verdict.

Okla. Stat. tit. 22, § 982a(A).

In an unpublished 2016 decision, the Tenth Circuit Court of Appeals assumed that a motion filed under Okla. Stat. tit. 22, § 982a qualifies for tolling under 28 U.S.C. § 2244(d)(2), while acknowledging that the issue is unresolved in this circuit. Randall v. Allbaugh, No. 16-5109, 2016 WL 5416361, at *2 n.3 (10th Cir. Sept. 27, 2016) (unpublished) (comparing Doby v. Dowling, No. 15-6108, 632 Fed. App'x 485, 488 (10th Cir. 2015) (unpublished), assuming that a section 982a motion tolls the limitations period, with Nicholson v. Higgins, No. 05-7032, 147 Fed. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished), stating that section 982a does not toll the limitations period, but holding petition untimely regardless). Even if a motion for judicial review pursuant to section 982a qualifies as "collateral review" under 28 U.S.C. § 2244(d)(2), however, the motion does not toll the limitation period unless it is "properly filed." See Moss v. Taylor, No. 11-CV-148-CVE-PJC, 2012 WL 182189, at *4 (N.D. Okla. Jan. 23, 2012) (unpublished) (citing 28 U.S.C. § 2244(d)(2)).

> The Supreme Court has found that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). See also Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006) (stating that an application is "properly filed" if it satisfies the State's requirements for filing such a pleading); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (stating that a "properly filed" application complies with filing requirements including: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion").

Moss, 2012 WL 182189, at *4.

Furthermore, section 982a does not apply to a sentence imposed pursuant to a plea agreement without the consent of the district attorney, and it also does not apply to a convicted felon who has been in custody for a felony violation during the ten-year period preceding the date the sentence was imposed. Okla. Stat. tit. 22, § 982a(A). The record shows that petitioner had an extensive felony record,[3] his sentence was imposed pursuant to a plea agreement, and the district attorney did not consent to consideration of petitioner for judicial modification. Because petitioner did not meet the statutory conditions precedent for filing a motion under section 982a, the motion and the related filings did not toll the limitation period under 28 U.S.C. § 2244(d).

**First post-conviction application**

On May 1, 2015, petitioner filed an application for an out-of-time direct appeal in Case Nos. CF-2013-362 and CF-2014-555, pursuant to Rule 2.1(E)(1) of the Rules of the Oklahoma Court of Criminal Appeals (Dkt. #17-3). The state district court construed petitioner's filings as a request

---

[3] Petitioner acknowledged in the Summary of Facts for his pleas in Case Nos. CF-2013-362 and CF-2014-555 that he had 21 previous felonies. Ferrell v. State, No. PC-2015-669, slip op. at 1 n.1 (Okla. Crim. App. Jan. 13, 2016) (Dkt. 17-5 at 2).

5

for post-conviction relief and denied relief on July 15, 2015, finding that petitioner had not alleged or shown that a direct appeal was not perfected through no fault of his own (Dkt. # 17-4 at 1-2).

The OCCA reversed and remanded the state district court's order and directed the district court to dismiss petitioner's unverified application and his other unverified filings seeking post-conviction relief. Ferrell v. State, No. PC-2015-669 (Okla. Crim. App. Jan. 13, 2016) (unpublished) (Dkt. 17-5 at 2-5). Because petitioner had failed to file with the trial court a verified post-conviction application or equivalent pleading in accordance with the mandate of Okla. Stat. tit. 22, § 1081, "the trial court lack[ed] jurisdiction to proceed on post-conviction." Id., slip op. at 3 (citing Dixon v. State, 228 P.3d 531, 532 (Okla. Crim. App. 2010)) (Dkt. # 17-5 at 4). On January 19, 2016, the state district court vacated its July 15, 2015, order denying petitioner's post-conviction application for lack of jurisdiction (Dkt. # 17-5).

This Court finds petitioner's first post-conviction application was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and thus the statute of limitations was not tolled. See Habteselassie, 209 F.3d at 1211.

**Second post-conviction application**

On January 26, 2016, Petitioner filed a second application for post-conviction relief in Case Nos. CF-2013-362 and CF-2014-555 (Dkts. # 17-1 at 13; # 17-2 at 11). The state district court denied the applications on March 28, 2016 (Dkts. # 17-1 at 14; # 17-2 at 12), and the OCCA affirmed the denial of post-conviction relief on September 12, 2016, in Case No. PC- 2016-280 (Dkt. 17-6). The second post-conviction application was filed more than two months after the statute of limitations expired on November 18, 2015, thereby preventing the application of statutory tolling. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period

"is tolled or suspended during the pendency of a state application for post-conviction relief properly filed <u>during</u> the limitations period." (citing 28 U.S.C. § 2244(d)(2) (emphasis added)). Petitioner's habeas corpus petition (Dkt. # 1), filed on October 17, 2016, was untimely.

**<u>Equitable Tolling</u>**

Petitioner does not assert he is entitled to equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). The Court finds petitioner has failed to allege or argue equitable tolling, and there is no indication that he is entitled to consideration of such relief. Respondent's motion to dismiss time-barred habeas petition (Dkt. # 16) is **granted**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a), <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Petitioner has failed to show that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. Therefore, a certificate of appealability is **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 16) is **granted**.

2. Petitioner's petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 10th day of January, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE